No. 10,004.

Orleans Appeal.

E. M. REYNES, Appellant, v. VITO ASARO.

(May 11, 1925 Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Appeal—Par. 625.**
The judgment of the trial court on questions of fact being evidently correct is affirmed.

Appeal from the First City Court of New Orleans, Sec, "A", Hon. W. Alexander Bahns, Judge.

This is a suit to recover commission for services in supervising the erection of defendant's building.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Theo. Cotonio, Attorney for Plaintiff and Appellant.

W. Marinoni, Jr., Attorney for Defendant and Appellee.

BELL, J. Plaintiff sues defendant, under an alleged verbal contract, for · $138.50, as commission for services in supervising the erection of defendant's building, No. 3700-3703 Dumaine Street, New Orleans. From a judgment of non-suit, he appeals.

It is averred in the petition that defendant and Nick Ascani, a contractor, having entered into a building contract, dated July 14, 1924, for erection of the above building, that plaintiff was named as expert, and that it was agreed and stipulated verbally between plaintiff and defendant, that the former was to receive one per cent of the contract price of the building ($13,850.00), or the amount now sued upon, $138.50; that the consideration for this commission or fee was that plaintiff should render service in seeing that the building was erected in accordance with plans and specifications and in issuing the usual certificates for payment when same were due and exigible to the contractor; that such services were rendered, and that payment, therefore, has been due since the completion of the building, towit: November 5, 1924, and that notwithstanding amicable demand, the amount here claimed remains unpaid.

Defendant answers by denying that any amount is now due plaintiff for commissions as claimed, either as expert or architect, but admits that he was named in the building contract as defendant's architect, and that he furnished plans and specifications. It is further alleged that by verbal agreement between plaintiff and defendant, the former was to receive three per cent of the contract price of the building, which price is admitted by defendant to have been the sum of $13,850.00.

· It is further alleged in the answer that in accordance with the verbal agreement, there would have been due plaintiff $415.50, but that plaintiff having requested ·to be paid in advance, defendant offered him in full compromise the sum of $400.00, which amount was paid plaintiff by defendant's check, dated July 11, 1924.

From the pleadings as noted, a simple question of fact is presented, that is, whether by verbal agreement in addition to that by which plaintiff was employed as architect to furnish plans and specifica-

tions, he was also to receive extra compensation for services to be rendered in supervising the construction of the building. The only evidence in the record as to this extra agreement is the testimony of the parties themselves, and it has resulted in this as in all such cases, that each litigant by direct and rebuttal testimony, has vigorously denied what his opponent sayeth in regard to the transaction. The burden of proof, is, of course, on the plaintiff to establish such a contract. It cannot be denied, as shown by defendant's cancelled check to plaintiffs order, and by plaintiff indorsed, that $400.00 was paid plaintiff in advance of any supervisory services which he may have been employed by verbal contract to perform. The check pre-dates the execution of the building contract by three days, and this is a fact which impels us to belief that defendant found it to his advantage to comply with plaintiff's request that he settle with him in advance for the stipulated commissions of three per cent on valuation of $13,850.00, if he could save thereby the sum of $15.50. It is not denied in any part of plaintiff's testimony that this was the original basis of fees to be paid. On the contrary, it appears in the record that plaintiff testified —over objections interposed by counsel for defendant—that the one per cent. commission now sued for, arose from an additional and later verbal contract made subsequent to the original agreement regarding the three per cent. commissions. No witnesses are shown to have been present when either of the alleged contracts were made. Plaintiff has offered in evidence the building contract between defendant and Ascani, the contractor. This document appears to have been signed by plaintiff as a witness, and its recitals do not strengthen, but rather weaken, the contention of plaintiff that he was employed under an additional verbal contract as "expert", to see that the building was erected in accordance with plans and specifications. It is our opinion that such service could involve no other than that of supervision. In the building contract we find that defendant has been repeatedly designated and referred to as "architect and supervisor", and that it is stipulated in this document—"all work to be done under the supervision and to the satisfaction of E. M. Reynes." It is further provided therein "that no payments shall be made at any time unless upon a certificate of the architect certifying that he has personally examined the work done; that the same has been performed in good condition and in good workmanlike manner, and that there are no claims against the building at the time which may be or might be recorded."

We are satisfied from the record that plaintiff has failed to establish with any certainty the alleged verbal contract sued upon. The defendant has not answered the appeal taken from a judgment of non-suit.

It is, therefore, ordered that the judgment appealed from be and the same is hereby affirmed, at plaintiff's costs in both courts.